In the Matter of Joanne A. FORTUNATO, Debtor.

Bankruptcy No. BK81–733.

United States Bankruptcy Court, D. Nebraska.

Aug. 25, 1982.

Lisa C. Lewis, Omaha, Neb., for debtor.

Donald L. Swanson, Omaha, Neb., for trustee.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

At issue before me is the amount of exemptions the debtor may claim in two annuity policies under Nebraska Revised Statute § 44–371 as that statute was amended

by L.B. 940 of the 1980 Legislature, effective April 17, 1980.

In her Chapter 7 petition, the debtor claimed as exempt $3,500 in each of two annuity policies which she owned for a total exemption of $7,000. The trustee of this bankruptcy estate objected, claiming that the debtor was entitled to a maximum of only $5,000 exemption in the policies. Differently stated, the issue is whether the debtor is entitled to an exemption up to $5,000 in each policy owned or a maximum aggregate exemption of $5,000 from all policies.

Nebraska Revised Statute § 44–371 as amended provides:

"Not to exceed $5,000 in money, avails, cash values and all and every benefit accruing under any annuity contract or under any policy or certificate of life insurance payable to a beneficiary other than the estate of the insured, and under any accident or health insurance policy, heretofore or hereafter issued, shall be exempt from attachment, garnishment, or other legal or equitable process, and from all claims of creditors of the insured, and of the beneficiary if related to the insured by blood or marriage, in the absence of a written agreement or assignment to the contrary."

Prior to the amendment of § 44–371, that statutory provision exempted all insurance benefits described in the statute without limitation. The legislative history of the amendment to § 44–371 discloses that the change was brought about by the Nebraska Legislature's reaction to the enactment of the Bankruptcy Code which provided, at 11 U.S.C. § 522(d)(8), that the debtor could exempt:

"The debtor's aggregate interest, not to exceed in value $4,000 less any amount of property of the estate transferred in the manner specified in § 542(d) of this Title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent."

The Bankruptcy Code, as enacted effective October 1, 1979, provided a number of items of exempt property but permitted a state to elect not to have those exemptions apply to debtors involved in debtor-relief proceedings. See § 11 U.S.C. 522(b)(1). The Nebraska legislature availed itself of this opportunity through passage of the amendment to § 44–371.

Reference to the legislative history of § 44–371 does not specifically decide the issue here involved. However, it seems a fair inference from the legislative history that the Nebraska legislature was concerned with the unlimited insurance exemption then existing under Nebraska law. It also seems probable that the legislature's response was guided by the statutory exemption contained in the Bankruptcy Code at 11 U.S.C. § 522(d)(8). Because this latter statutory provision specifically provides for an aggregate of $4,000 exemption and because the Nebraska legislature was concerned with the unlimited exemption under its exemption laws, I conclude that the intent of the Nebraska legislature was to make exempt under § 44–371 a total of $5,000 and not $5,000 in each policy which a debtor owned.